26 F.3d 131
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NEVADA ENTERTAINMENT INDUSTRIES, INC., a Nevada Corporation;
Daniel Bishop, Plaintiffs/Appellants/Cross-Appellees,
v.
CITY OF HENDERSON, a Nevada Municipal Corporation; James
Goff, Chief of Police and the City of Henderson,
Defendants/Appellees/Cross-Appellants.
 Nos. 92-17054, 93-15052.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 10, 1993.
Decided May 4, 1994.
 
 1
 Before: BROWNING and CANBY, Circuit Judges, KELLEHER,* Senior District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Nevada Entertainment applied for a license to operate an adult video store in the City of Henderson, Nevada. Shortly before Nevada Entertainment filed its application, the City adopted a zoning code limiting adult businesses to Commercial Highway ("CH") zones. The City had no CH zones when the new code was adopted. The City told Nevada Entertainment it could operate an adult business only in a CH zone, and, since no such zone existed, it would have to apply for a zone change or variance as well as a conditional use permit. Instead, Nevada Entertainment filed a new license application for a general rather than an adult video store. The City issued a license to operate a general video store. Nevada Entertainment then opened an adult video store.
 
 
 4
 The City commenced a proceeding before the City Council to revoke Nevada Entertainment's license because Nevada Entertainment had misrepresented the nature of the business it intended to open. After a hearing, the City Council issued an order revoking the license because of the misrepresentation in Nevada Entertainment's application. Rather than appealing this order to the state district court, Nevada Entertainment filed this action in federal court challenging the constitutionality of the zoning ordinances and seeking injunctive relief.
 
 
 5
 The City argued the district court was required to abstain under Younger v. Harris, 401 U.S. 37 (1971). The district court rejected the abstention claim but granted judgment for the City on the ground that under Dennis v. United States, 384 U.S. 855 (1966), Nevada Entertainment was barred from challenging the constitutionality of the zoning ordinances because it had obtained its license by fraud. Nevada Entertainment appealed. The City cross-appealed the court's refusal to abstain. We affirm the judgment of the district court on the basis of Dennis and dismiss the cross-appeal as moot.
 
 I. NEVADA ENTERTAINMENT'S APPEAL
 
 6
 The district court properly declined to consider the constitutionality of the ordinances. "One who elects [to commit fraud] as a means of self-help may not escape the consequences by urging that his conduct be excused because the statute which he sought to evade is unconstitutional." Dennis, 384 U.S. at 867; see also Ancafora v. Board of Educ. of Montgomery County, 491 F.2d 498 (4th Cir.1974) (teacher could not challenge dismissal on the basis of discrimination where he was dismissed because he lied on his application). Nevada Entertainment's license was not revoked because of the nature of its business activity, but rather because Nevada Entertainment's application misrepresented the nature of its business.
 
 
 7
 Nevada Entertainment argues the district court should not have relied on Dennis because the issue of fraud was "never pleaded nor briefed." However, the federal complaint for declaratory and injunctive relief specifically alleged "[p]laintiffs made no material misrepresentations on their application," and the City's answer denied the truth of this allegation. As the district court recognized, the City contended throughout the litigation that the constitutionality of the ordinances was not at issue since "the plaintiffs' ... license was revoked because of their own fraud, not because of the nature of their business." The stipulated record on which the case was tried in the district court included transcripts of the city council hearing, which was devoted exclusively to the issue of fraud. Nevada Entertainment had adequate notice that its fraudulent conduct was one of the issues in the case.
 
 
 8
 Nevada Entertainment also argues the administrative record is insufficient to support the district court's finding of fraud because there was no opportunity to present "affirmative evidence" to support the contention that it was "induced" to falsify the license application. However, the testimony on which Nevada Entertainment relies to support this inducement argument was in the record before the district court, and Nevada Entertainment does not point to any additional evidence in support of its argument or suggest it would have been barred from presenting such additional evidence to the city council. The district court's finding of deceptive conduct is amply supported by the record.
 
 
 9
 Nevada Entertainment argues that even if its conduct were deceptive, the district court should have allowed some "deception" to permit Nevada Entertainment to position itself to challenge the constitutionality of the ordinances. Nevada Entertainment offers no reason why it could not simply have challenged the denial of the original application rather than submitting a second, fraudulent application.
 
 II. THE CITY'S CROSS-APPEAL
 
 10
 The City cross-appealed arguing Nevada Entertainment's entire action should have been dismissed under Younger. Since the City has prevailed in the district court and on appeal, any discussion of the City's argument would be advisory. See Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 853-54 (9th Cir.1985). We decline to reach the abstention issue and dismiss the cross-appeal as moot.
 
 
 11
 The judgment of the district court is AFFIRMED. The City's cross-appeal is DISMISSED as moot.
 
 
 
 *
 The Honorable Robert J. Kelleher, Senior Judge, United States District Court for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3